IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00264-MEH

ANTHONY JEROME KEE,

    Plaintiff,

v.

LT. FELZIEN,
SGT. MARRS, and
C.O. GUMP,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff brought this lawsuit against several prison officials under 42 U.S.C. § 1983. On November 1, 2018, the Court granted Defendants' Motion for Summary Judgment after finding that Plaintiff failed to raise any disputed issues of fact regarding his failure to exhaust his administrative remedies. *See* ECF No. 130. Plaintiff now asks the Court to reconsider its ruling in his "Objections to Summary Judgment and Request for Reconsideration" [filed November 15, 2018; ECF No. 134]. Plaintiff's motion is **denied**.

    I construe Plaintiff's motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days of the judgment. The Tenth Circuit has outlined three major grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or

prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* But it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992))).

Plaintiff has not satisfied this standard. His motion is not based on an intervening change in the controlling law or on new evidence. He merely repeats the arguments that he made in opposing Defendants' summary judgment motion—namely, that administrative remedies were not available to him and that he exhausted his remedies to the best of his ability. He also argues that he should have been given an opportunity to make a better record in opposing summary judgment. He does not dispute the untimeliness of his grievances, nor could he. I carefully considered all of Plaintiff's arguments in issuing my Order, including his contention that he needed additional discovery to gather information to oppose the summary judgment motion. Nothing in his current motion persuades me that reconsideration is necessary to correct clear error or prevent manifest injustice. Accordingly, Plaintiff's motion is denied.

Entered and dated at Denver, Colorado, this 19th day of November, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty